**Ganija MEHMEDOVIC, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 04–5469–AG.**

United States Court of Appeals, Second Circuit.

April 17, 2006.

Sam Gjoni, New York, New York, for Petitioner.

David L. Huber, United States Attorney for the District of Kentucky, L. Jay Gilbert, Assistant United States Attorney, Louisville, Kentucky, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Ganija Mehmedovic, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Paul A. DeFonzo's denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture

("CAT"), in which his wife, Fata Mehmedovic, and his son, Huso Mehmedovic, were named derivative beneficiaries. The BIA issued three separate orders, one in each of the applicant's names, affirming the IJ's findings without opinion. Because the petition for review challenges only the order relating to Ganija Mehmedovic, we review only his final order of removal, although we note that his family members' claims are entirely dependent on his. In our review, we assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

Although the IJ determined that Mehmedovic had suffered past persecution in Montenegro, he also found that the government sufficiently established a fundamental change in circumstances. The IJ cited to several portions of the record indicating that Mehmedovic is unlikely to face persecution on account of his ethnicity or religion if he now returns to Montenegro. The IJ acknowledged that the reports refer to some episodes of ethnic and religious discrimination, but he found that, overall, the reports indicate that there is no systematic pattern or practice of violence or discrimination against Muslims in any part of Montenegro. The IJ thoroughly considered all of the documents in the record, and the IJ's finding that country conditions in Montenegro had fundamentally improved is supported by substantial evidence.

Mehmedovic did not raise any issues regarding the denial of his CAT claim before the BIA, nor does he raise any here. Accordingly, these claims were not exhausted, and they are also deemed waived. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).